UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lauran Jane Magliocco,

      Plaintiff,

v.

Carolyn W. Colvin, Acting
Commissioner of Social Security,

      Defendant.

Civil No. 13-1425 (DWF/TNL)

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

This matter is before the Court on Plaintiff Lauran Jane Magliocco's ("Plaintiff") objections to Magistrate Judge Tony N. Leung's August 5, 2014 Amended Report and Recommendation ("Amended R&R") (Doc. No. 27).  (Doc. No. 36.)  Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant"), filed a Response to Plaintiff's Objection to the Amended R&R on September 22, 2014.  (Doc. No. 38.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).  The factual background for the above-entitled matter is clearly and precisely set forth in the Amended R&R and is incorporated by reference for purposes of this order.  Having carefully reviewed the record, the Court concludes that Plaintiff's objections offer no basis for departure from the Amended R&R.

Plaintiff initiated this action seeking judicial review of Defendant's denial of her application for Social Security Income disability benefits.  (*See generally* Doc. No. 1,

Compl.) Plaintiff generally objects to the Magistrate Judge's recommendation that her motion for summary judgment be denied and Defendant's motion for summary judgment be granted. (*See generally* Doc. No. 36.) In particular, Plaintiff appears to maintain that: (1) the ALJ committed a legal error when he failed to give proper weight to Plaintiff's treating psychologist, Gerald Ouellette, MS, LP ("Ouellette"), stating that Ouellette was not an acceptable medical source, and also not considering Ouellette as a treating source; (2) the Magistrate Judge created an improper post hoc rationalization to address the ALJ's failure to properly consider Ouellette as an acceptable medical source and as a treating source; (3) the Magistrate Judge and the ALJ erred in determining that Ouellette's opinions were inconsistent with the record as a whole; (4) the Magistrate Judge misunderstood the opinion of Dr. Trulsen; and (5) the Magistrate Judge erroneously determined that the ALJ properly analyzed Plaintiff's alleged episodes of decompensation. (*See generally* Doc. No. 36.)

To the extent that Plaintiff merely reiterates the arguments already presented to the Magistrate Judge with respect to the ALJ's legal errors, rather than addresses specific objections to the proposed findings and recommendations in the Magistrate Judge's Amended R&R, the Court does not examine those arguments here. Thus, focusing on Plaintiff's specific objections to the Magistrate Judge's determinations, Plaintiff's primary objection appears to be that the Magistrate Judge improperly substituted his own judgment for the ALJ's judgment and improperly speculated about the conclusion the ALJ would have reached had he not committed legal errors.

The Court disagrees. The Magistrate Judge did not substitute his own reasoning or speculate about what the ALJ would have done absent legal error, but, instead, cited to portions of the ALJ's determination that provide additional bases for the ALJ's decision, and determined that, therefore, any error was harmless. *See, e.g.*, *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (upholding the district court's finding that the ALJ's error was harmless because there was no indication in the record that even if the ALJ had not erred, the ALJ would have decided differently). For example, the Magistrate Judge noted that the ALJ specifically stated that Ouellette's opinion is entitled to careful consideration and did in fact consider it, even while erroneously determining that Ouellette was not an acceptable medical source. (Doc. No. 27 at 23.) Thus, the Magistrate Judge determined that because the ALJ carefully considered Ouellette's opinion, regardless of the label given to Ouellette, the ALJ's determination was supported by the record. (*Id.*) Indeed, the Magistrate Judge cites to record evidence relied upon by the ALJ in making his determinations and concludes that the ALJ's determinations are supported by substantial evidence on the record. (*Id.* at 24-25.)

Next, Plaintiff generally argues that a finding of disability is consistent with the record as a whole and that because the Magistrate Judge and the ALJ found to the contrary, their findings were erroneous. Plaintiff's argument on this issue includes the Magistrate Judge's treatment of the record as a whole, the opinion of Dr. Trulsen, and the question of decompensation. Again, the Court disagrees with Plaintiff's objections. It appears from the Amended R&R that the Magistrate Judge reviewed all of the evidence

in question and determined that substantial record evidence supported the ALJ's determination that Plaintiff was not disabled, and, having independently considered the same, the undersigned agrees with the Magistrate Judge's determination of the issues raised by the parties' cross-motions for summary judgment and Plaintiff's objections. (*See generally* Doc. No. 27.)  The Court thus concludes, as did Magistrate Judge Leung, that Defendant is entitled to summary judgment in this matter.  Consequently, the Court grants Defendant's motion and denies Plaintiff's motion.

Thus, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Tony N. Leung's August 5, 2014 Amended Report and Recommendation (Doc. No. [27]) is **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment (Doc. No. [11]) is **DENIED**.

3. Defendant's Motion for Summary Judgment (Doc. No. [22]) is **GRANTED**.

4. This case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 25, 2014        s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge